UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:02-cr-46 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| JACK E. CHRISTIANS, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |
| ) | |
| CITY OF GRAND RAPIDS ) | |
| RETIREMENT SYSTEMS OFFICE ) | |
| ) | |
| Garnishee Defendant. ) | |
| _____) | |

      This was a criminal prosecution initiated by the filing of a grand jury indictment on February 27, 2002, charging Jack E. Christians and Ruth I. Christians with income tax evasion. 26 U.S.C. § 7201. On November 8, 2002, after a four-day trial, a jury found both defendants guilty. On April 14, 2003, United States District Judge David W. McKeague sentenced defendant Jack E. Christians to 27 months' imprisonment, followed by two years of supervised release, and imposed a fine of $60,000 due immediately. By unpublished opinion issued July 26, 2004, the Court of Appeals affirmed the conviction of both defendants. *See United States v. Christians*, Nos. 03-1529, 03-1530, 2004 WL 1686947 (6th Cir. July 26, 2004).

      On May 2, 2005, the Clerk of this Court issued a writ of continuing garnishment at the request of the United States, seeking to satisfy the criminal judgment against Jack E. Christians

in the amount of $60,000.00 by garnishing his monthly pension benefits from the City of Grand Rapids Police & Fire Retirement System ("City Retirement System"). The City Retirement System was served on May 4, 2005, and submitted a timely garnishee disclosure, in the form of the affidavit of Peggy E. Korzen, Executive Director of the City Retirement System. The affidavit discloses that defendant Jack Christians has been receiving monthly pension benefits since August 19, 1992, on the basis of his age and prior service to the City. Mr. Christians receives monthly pension benefits in the gross amount of $3,213.50 on the last business day of each month. From this amount, he has elected to withhold $309.00 per month for tax and $516.88 per month for health insurance coverage. He therefore receives a net monthly amount of $2,387.62.

The answer of the City Retirement System asserts that all benefits owing to defendant Jack Christians are exempt from garnishment pursuant to Michigan law, MICH. COMP. LAWS § 600.6023(1)(l), and municipal ordinance, Grand Rapids City Code, Title I, ch. 7, art. 2 § 1.255. On the basis of these exemptions, the garnishee defendant requests that the court quash the writ of continuing garnishment and requests a hearing on its objections. The United States has filed a response, indicating that a balance of $81,395.91 (including all unpaid principal, interest, and late payment penalties) remains outstanding. (docket # 260, at 2). The United States further asserts that the state and local exemptions raised by the City Retirement System do not apply to collection proceedings on a criminal judgment. (*Id.* at 2-3).

Upon review of the record, I conclude that the state and local exemptions raised by the garnishee defendant are meritless as a matter of law. Accordingly, there is no need for a hearing, as the facts are undisputed and the law is clearly against the position of the City Retirement System. I therefore recommend that the objections of the City Retirement System be overruled, that its

request to quash the writ of garnishment be denied, and that the writ of garnishment be enforced against the garnishee defendant.

## Discussion

The issue presented in this case is whether the retirement benefits paid to Jack Christians by the City of Grand Rapids Police & Fire Retirement System are subject to garnishment to satisfy the $60,000.00 fine levied by this court in its criminal judgment entered April 14, 2003, plus penalties and interest. The only exemptions raised by the City Retirement System are created by the law of Michigan and an ordinance of the City of Grand Rapids. The City Retirement System invokes Title 28, chapter 176, a provision of the Judicial Code covering federal debt collection procedure. The first section of that chapter, 28 U.S.C. § 3001(a), makes it clear that the provisions thereof provide "the exclusive civil procedures" for the United States to recover a judgment on a debt. A later section of chapter 176 allows an individual debtor, "in an action or proceeding under this chapter," to elect to exempt property under either state or federal law. 28 U.S.C. § 3014. Citing section 3014, the City Retirement System relies on a state statute, MICH. COMP. LAWS § 600.6023, and a city ordinance, both of which purport to protect the interest of a person under a pension plan from execution or garnishment.

The position of the City Retirement System is legally meritless, because the present proceeding is criminal, not civil, in nature. Collection of criminal fines is specifically governed by 18 U.S.C. § 3613, which provides in pertinent part as follows:

> (a) Enforcement. -- The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law

>    (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--
>
>    (1)    property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
>    (2)    section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
>    (3)    the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). A plain reading of this statute discloses that it applies to enforcement of judgments imposing a fine, "notwithstanding any other Federal law."[1] Furthermore, a plain reading discloses that a judgment imposing a fine "may be enforced against all property or rights to property of the person fined" with only those exemptions enumerated in § 6334(a) of the Internal Revenue Code. The only pension benefits exempt from execution under that statute are railroad retirement pensions and certain military annuities. 26 U.S.C. § 6334(a)(6). This listing of exemptions is exclusive, and no state-created exemption from execution is valid in an IRS collection proceeding. *See United States v. Mitchell*, 403 U.S. 190, 204-05 (1971); *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir. 1990). Just as clearly, section 3613(a)(2) specifically excludes application of section 3014 of chapter 176 of Title 28, the statute upon which the City Retirement System relies.

---

[1] Consequently, there can be no conflict with the civil provisions of chapter 176 of Title 18, upon which the City Retirement System relies. The first section of chapter 176 provides that to the extent another federal law specifies procedures for recovering on a claim or judgment for a debt arising under that law, those procedures, and not those set forth in chapter 176, apply. 28 U.S.C. § 3001(b). 18 U.S.C. § 3613(a) and 28 U.S.C. § 3001(b) work together to point to the same result -- the specific provisions of the criminal statute apply in this criminal case.

It is therefore clear that only the specific exemptions allowed by 18 U.S.C. § 3613(a)(1) may be raised in a proceeding to enforce a judgment imposing a criminal fine. On the basis of the clear provisions of this statute, the Sixth Circuit has squarely held that state law exemptions may not be raised as a defense to a garnishment proceeding seeking to collect a criminal fine. "Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets." *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999); *accord United States v. Phillips,* No. 01-6512, 2002 WL 31489546 (6th Cir. Nov. 6, 2002)(criminal defendants not entitled to state or federal exemptions allowed by §3104); *United States v. Salinski,* No. 98-1694, 1999 WL 824809 (6th Cir. Oct. 5, 1999) (Michigan statute exempting insurance policies from garnishment not a defense in proceeding to enforce criminal fine).[2]

The only authority that the City Retirement System can muster in support of its position is dictum in a 1993 report and recommendation of a magistrate judge of this court in an income tax collection case, holding open the possibility that pension benefits might be exempt from garnishment pursuant to Michigan state law. *United States v. Sawaf*, No. 2:90-cv-244, 1993 WL 604099 (W.D. Mich. Nov. 19, 1993). The City Retirement System fails to note, however, that the *Sawaf* case was reviewed by the Sixth Circuit Court of Appeals, which held that the debtor's "exemption must stand or fall entirely on federal grounds." *United States v. Sawaf*, 74 F.3d 119, 123

---

[2] In addition, it is now clearly established that the anti-alienation provisions of ERISA do not protect pension benefits from garnishment in a criminal case. *See, e.g., United States v. James*, 312 F. Supp. 2d 802 (E.D. Va. 2004); *United States v. Tyson*, 242 F. Supp. 2d 469, 474 (E.D. Mich. 2003); *United States v. Rice*, 196 F. Supp. 2d 1196, 1202 (N.D. Okla. 2002); *cf. United States v. Sawaf*, 74 F.3d 119 (6th Cir. 1996) (taxpayer's vested interest in ERISA qualified plan could be reached by IRS to satisfy income tax deficiencies).

n.4 (6th Cir. 1996). The Court of Appeals went on to reject all claims of federal exemption, including any claim under ERISA. *Id.* at 124.

### Recommended Disposition

The objections of the garnishee defendant, City of Grand Rapids Police & Fire Retirement System, are legally meritless, as they attempt to rely on exemptions created by state and local law in a proceeding to collect a federal criminal fine. This result is foreclosed by federal statute and Sixth Circuit authority and therefore must be rejected. I therefore recommend that the objections of the garnishee defendant be overruled, that the request of the garnishee defendant to quash the writ of continuing garnishment be denied, and that the court order the garnishee defendant to comply with the writ of continuing garnishment in all respects.

Dated:   June 7, 2005            /s/  Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).